**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.B.-1 and K.B.**

**No. 24-339** (Wood County CC-54-2023-JA-293 and CC-54-2023-JA-294)

**MEMORANDUM DECISION**

Petitioner Mother L.B.-2[1] appeals the Circuit Court of Wood County's May 16, 2024, order terminating her parental rights to L.B.-1 and K.B.,[2] arguing that the circuit court erred by adjudicating her as an abusing and neglecting parent, denying her motion for an improvement period, and terminating her parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2023, the DHS filed a petition alleging that the petitioner physically abused L.B.-1 and K.B. During separate interviews with Child Protective Services ("CPS"), the children, then ages fourteen and twelve, disclosed that the petitioner had a long history of physically abusing them, including striking them with a belt, wooden utensils, and hairbrushes. The DHS's petition stated that both children expressed fear of the petitioner's reaction upon learning that they spoke to CPS. When CPS investigated these disclosures, the petitioner became upset and belligerent. During the investigation, the petitioner admitted to striking the children and told K.B. to "look at what [her] lies did."

At a preliminary hearing in December 2023, a CPS worker confirmed that the children's disclosures were accurately reflected in the petition and testified as to the petitioner's aggressive

---

[1] The petitioner appears by counsel J. Morgan Leach and Robert J. Williamson. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Keith White appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For the purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the petitioner and one child share the same initials, we refer to them as L.B.-2 and L.B.-1, respectively.

1

behavior towards CPS workers. She also stated that the petitioner admitted to hitting the children. Following the hearing, the court ordered the guardian to meet with the children and granted the multidisciplinary team ("MDT") discretion to arrange visitation prior to the adjudicatory hearing.

The court held two adjudicatory hearings in January 2024. At the first hearing, the court took judicial notice of the testimony from the preliminary hearing, without objection, before continuing the hearing to allow for further testimony. At the second hearing, the court received recordings of the children's Child Advocacy Center ("CAC") interviews, which were verified by a CAC forensic interviewer and admitted as evidence without objection. The court then heard from the petitioner, who admitted to hitting K.B. "three times with a belt" in October 2023 but claimed that the children's disclosures of excessive punishment by her were lies. She further stated that she had not had contact with the children following their removal because she refused to sign any paperwork, claiming that the DHS would use it to forge her signature. Ultimately, the circuit court adjudicated the petitioner of physically abusing the children.

Thereafter, the court received reports from the DHS, Court Appointed Special Advocate ("CASA"), and guardian, all of which recommended termination of the petitioner's parental rights based on the children's wishes and the petitioner's failure to participate in the offered visitation. These reports were all admitted into evidence without objection at an initial dispositional hearing in April 2024. Following this, the petitioner filed a motion for an improvement period.

At the final dispositional hearing in April 2024, the court admitted supplemental DHS and CASA reports into evidence without objection, each stating that the petitioner failed to take any action to visit the children. The petitioner then testified, stating that she was now willing to comply with any services offered by the DHS. She admitted to using corporal punishment on the children and acknowledged that her relationship with the children was broken but claimed that this was due to the children's resentment at being forced to do chores. She also testified about a prior abuse and neglect case based on her striking K.B. with a purse and causing a subconjunctival hemorrhage in her eye. The petitioner stated that, as a result of those proceedings, she was provided with parenting and adult life skills classes before the case was dismissed. Based on the evidence presented, the court found that the physical abuse of the children had been going on for years, as evidenced by the children's statements and the petitioner's admissions. The court also found that the petitioner was provided services in the prior abuse and neglect proceedings, including parenting skills classes, and that the petitioner refused to cooperate with the services offered by the DHS during the entirety of the current case. As such, the court found that there was no reasonable likelihood that the conditions of abuse could be corrected and that termination was in the best interest of the children. Accordingly, the court denied the petitioner's motion for an improvement period and terminated her parental rights to the children. It is from this dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner first argues that the evidence did

---

[3] The children's fathers' parental rights were also terminated, and the permanency plan for the children is adoption in their current placement.

not support the circuit court's finding that she abused the children because the court "ignored every piece of contradictory evidence." Upon our review of the record, we disagree. West Virginia Code § 49-4-601(i) requires the circuit court to determine "whether the child is abused . . . based on conditions existing at the time of the filing of the petition and proven by clear and convincing evidence." Furthermore, "[t]he statute . . . does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 3, *In re F.S.*, 233 W. Va. 538, 759 S.E.2d 769 (2014) (quoting Syl. Pt. 3, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995)). Although the petitioner insists that the only evidence presented was the children's statements given during the forensic interviews, the petitioner ignores that the children's statements during their interviews were consistent with each other's, with their prior disclosures to CPS, and with portions of the petitioner's testimony. The court clearly weighed all the evidence, including the credibility of the children and witnesses, and we refuse to disturb its findings of abuse and neglect on appeal. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact.").

The petitioner further argues that the circuit court's decision to deny her motion for a post-adjudicatory or post-dispositional improvement period was erroneous because the decision was contrary to the weight of the evidence. A parent seeking an improvement period must "demonstrate[], by clear and convincing evidence, that [he or she] is likely to fully participate in the improvement period." W. Va. Code § 49-4-610(2)(B) and (3)(B). Here, the petitioner could not satisfy this burden, given that she refused to participate in services throughout the entirety of the proceedings. Although she testified at the dispositional hearing that she was ready to begin participating, the circuit court heard this testimony and found it lacking. As we have explained, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Thus, we conclude that the circuit court did not err in denying the petitioner's motion for an improvement period.

Finally, we conclude that the circuit court's decision to terminate the petitioner's parental rights was not in error. The petitioner's argument that the court erred in this regard is grounded in her assertion that the "abuse never occurred." Having discerned no error in the circuit court's adjudication, the petitioner is not entitled to relief. Circuit courts are permitted to terminate parental rights upon finding "that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child," and we see no error in the court's findings upon our review of the record here. *See* W. Va. Code §49-4-604(c)(6).

Accordingly, we find no error in the decision of the circuit court, and its May 16, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2025

3

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV